JOSEPH RICHARDSON v. OVERSEERS OF THE POOR OF BURLINGTON.

A bastard child, whose mother, before its birth, moved out of this state, and who, together with her child, has ever since continued to reside in another state, is not chargeable upon any township in this state.

On *certiorari.*   In matter of bastardy.

For the plaintiff, *F. Voorhees.*

The opinion of the court was delivered by

VREDENBURGH, J.   This is a *certiorari,* brought to set aside the proceedings of the Burlington Sessions, made on

the 25th of April, 1867, charging the defendants with the sum of two dollars per week for the support of a bastard child of Sarah F. Johnson. It appears, by this case, that the said child was begotten in said township of Burlington, about the 13th of June, 1864; that the mother went out of said township on the 5th of January, 1865, into the city of Bristol, in the State of Pennsylvania, where the child was born on the 13th of March, 1865, and where it and its mother have ever since resided.

On the 15th of January, 1867, said Sarah made oath, before a justice of the peace of said township of Burlington, that she was delivered, on the 13th of March, 1865, of said child, and that it was likely to become chargeable to said township, and that the defendant was its father.

Whereupon such proceedings were had, that the above order was made on appeal in the Burlington Sessions.

It appears, then, by the case, that the child was not born in said township, nor even in this state, but in Bristol, in the State of Pennsylvania.

Under these circumstances, is the township of Burlington liable for its support as a bastard?

Under the original statutes it clearly was not so.

Has the township become so by force of any more recent statute?

It is claimed that the township is liable, by force of the 4th section of the act of 1846. *Nix. Dig.* 638.* But, in the first place, this section only professes to deal with questions between different townships of this state, and not between a township of this state and a foreign state; and, in the second place, it only provides that the bastard shall be settled in the place of the last legal settlement of the mother. Here there is no evidence that the legal place of the settlement of the mother was in Burlington. She had only lived there as a servant two years, and that does not give her a settlement. Nor is this question affected by the act of 1858, section 2d. *Nix. Dig.* 649. That only provides, where a person has no legal settlement within this state, that such person may be

_____

*Rev., p.* 835, § 4.

removed, not to their place of settlement, but to where the justices shall adjudge such person shall have resided for twelve months continuously. But even if this would give a settlement in Burlington to the mother, it could only be upon an adjudgment by the two justices that she had resided there continuously for twelve months, and this has not been done in this case.

But it is said that these proceedings are authorized by the act approved April 4th, 1864. *Pamph. L.* 649.

But, in the first place, this act only professes to deal with cases where the bastard to be relieved has a legal settlement in the township to be charged with it. But this bastard had no settlement in Burlington, neither by virtue of its birth, its residence, or its mother's settlement; for, as we have seen, the mother herself had no settlement there.

And, in the second place, this act was only provided in relief of other townships in this state. It was not intended for the relief of other states or other townships. It was never intended, by any or all these acts, that the townships should be liable to maintain the bastards of such lewd women as may come into a township and stay just long enough to get impregnated, and then depart, and afterwards, in some foreign jurisdiction, give birth to their illegitimate conceptions.

The proceedings must be set aside.

Justices ELMER and WOODHULL concurred.

CITED *in McCoy* v. *Overseer, &c.,* 8 *Vr.* 136.